IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MONDREA VINNING EL, #B-63459, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>LARRY GROSS, EUGENE MCADORY, )<br>DAVID HENNRICH, TOM CARTER, )<br>ROGER COWAN, ALLEN WITTENBORN, )<br>KAY FAIRLESS, ROBERT GALES, )<br>MINH SCOTT, DONALD SNYDER, )<br>BRAD MEYERHOFF and JENNIFER YUCAS, )<br>)<br>    Defendants. ) | 03-203-MJR |

## ORDER

**REAGAN, District Judge:**

Before the Court are Defendant's, Roger Cowan's, Motion for Leave to File Defendant Cowan's Answer Instanter (Doc. 59), filed April l3, 2005; and Plaintiff's, Mondrea Vinning's, Motion for Default Judgment Pursuant to Civil Procedure Rule 55 against Roger Cowan (Doc. 61), filed April 11, 2005.

### Background

Plaintiff, an inmate at Pinckneyville Correctional Center, and formerly an inmate at Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to **42 U.S.C. § 1983**. In Count I, Plaintiff asserts that three photographs and three photocopies were taken from his property by Menard officials and labeled as contraband. Plaintiff claims that he lost the issues in his post-conviction petition because the pictures were to be used as exhibits. Plaintiff claims that he contacted each of the named Defendants, including Defendant Cowan, and told them that the pictures were need for his post-conviction petition but that Defendants refused to return

them.

Defendant Cowan is also named in Count II, in which Plaintiff claims that Defendants retaliated against him for complaining and filing numerous grievances regarding the pictures that were confiscated. Plaintiff was sentenced to six months' segregation, the loss of six months' good time, loss of yard privileges and loss of contact visits. Plaintiff claims that the disciplinary ticket was given, not because the pictures were considered contraband, but because he complained and grieved the issue. The disciplinary ticket was issued over two months after the pictures were taken.

Defendant Cowan moves for leave to files his Answer, *instanter*, pursuant to **Federal Rules of Civil Procedure Rule 6**. Defendant Cowan states that, due to an oversight in conjunction with his retirement from the Illinois Department of Corrections, Assistant Attorney General John Weathers inadvertently failed to file a response to Plaintiff's Complaint for Cowan. Defendant Cowan asserts that he was served and signed his request for representation on April 5, 2004. This request for representation was misplaced and inadvertently not included in subsequent correspondence with Mr. Weathers, who was, thus, not aware that Defendant Cowan had requested representation. Defendant asserts that the delay in filing his Answer is unintentional, inadvertent, and that Plaintiff is not prejudiced thereby. Accordingly, Defendant Cowan moves for leave to file his Answer *instanter*.

On March 29, 2005, Magistrate Judge Donald G. Wilkerson filed Report and Recommendation, in which he noted that Defendant Cowan had not filed a response to Plaintiff's Complaint. Magistrate Judge Wilkerson recommended that Plaintiff's Complaint be dismissed as to Defendant Cowan if Plaintiff did not seek a default judgment against Defendant Cowan within sixty days of the date of the Report and Recommendation. Accordingly, on April 11, 2005, Plaintiff moved for default judgment against Defendant Cowan.

**Analysis**

Defendant Cowan failed to file a timely answer to Plaintiff's Complaint, and Plaintiff has moved for default judgment. The Court will deny Plaintiff's motion for default judgment and grant Defendant leave to file Answer *instanter*, concluding that, although Defendant Cowan has been negligent in failing to Answer Plaintiff's Complaint, Cowan's error was not willful.

**Rule 55** of the **Federal Rules of Civil Procedure** allows the Court to enter a default when a party fails to file a timely responsive pleading. The Seventh Circuit has held that a default is warranted when a party has "...exhibited a willful refusal to litigate the case properly." *Davis v. Hutchins*, 321 F.3d 641, 646 (7th Cir. 2003); *see also Silva v. City of Madison*, 69 F.3d 1368, 1377 (7th Cir. 1995) (**Default judgment is warranted only in "extreme situations where less drastic measures have proven unavailing."**).

Defendant Cowan executed his waiver of service on April 1, 2004; thus his responsive pleading was due on June 1, 2004. Only when Magistrate Judge Wilkerson filed Report and Recommendation on March 29, 2005, did Defendant Cowan and Assistant Attorney General Weathers learn that no Answer had been filed and that Cowan was in default. Defendant Cowan asserts that his request for representation was misplaced by the litigation coordinator and was not included in correspondence with Assistant Attorney General Weathers.

Defendant Cowan's failure to answer was unintentional, inadvertent and through no fault of his own. The Office of the Attorney General of the State of Illinois has demonstrated good faith in its representation of other defendants in this matter and has otherwise abided by the Court's orders and the Federal Rules. Under these circumstances, the Court cannot say that Defendant Cowan exhibited a willful refusal to litigate. *Davis*, **321 F.3d at 646** (**default judgment appropriate where defendant filed appearance late, submitted an inadequate responsive**

**pleading, failed to show up for a hearing, and failed to respond to discovery requests).**

Therefore, the Court **FINDS** that Defendant Cowan has shown good cause for his failure timely to file his Answer.  Thus, the Court **GRANTS** Defendant's, Roger Cowan's, Motion for Leave to File Defendant Cowan's Answer Instanter (Doc. 59) and **DENIES** Plaintiff's, Mondrea Vinning's, Motion for Default Judgment Pursuant to Civil Procedure Rule 55 against Roger Cowan (Doc. 61).

**IT IS SO ORDERED.**

**DATED this 5th day of May, 2005.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**